**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M. Theresa de Mol; and Robert G. Turrill II, <br><br>  Plaintiffs, <br><br> vs. <br><br> Grand Canyon Title Agency; Phoenix Settlement Services LLC; Empire West Title Agency; Biltmore Bank of Arizona; Lawyers Title of Arizona; and Maricopa County Clerk of Court's Office, <br><br>  Defendants. | No. CV-10-1895-PHX-DGC <br><br> **ORDER** |

M. Theresa de Mol owned real property in the Sedona area. She was sued in state court on a claim for specific performance. *See Auffret v. de Mol*, No. CV2009-052086 (Ariz. Super. Ct. Apr. 28, 2009). She then brought her own state court action to rescind an alleged predatory mortgage loan and to stave off foreclosure of the Sedona property. *See de Mol v. Coppercrest Funding LLC*, No. CV2009-017469 (Ariz. Super. Ct. June 1, 2009). A settlement conference with Judge Burke was held, and the parties to each suit entered into a binding and complete settlement agreement. *See de Mol*, No. CV2009-017469 (Ariz. Super. Ct. Aug. 14, 2009) (minute entry setting forth terms of settlement and dismissing cases); Doc. 1-1 at 42-71. A judgment enforcing that agreement was entered by Judge Hicks. *See de Mol*, No. CV2009-017469 (Ariz. Super. Ct. Sept. 15, 2009); Doc. 1-1 at 29-36.

1  Ms. de Mol and her associate, Robert Turrill, have filed suit in this Court. The
2 complaint purports to seek relief from the state court judgment, to challenge the
3 constitutionality of the settlement agreement and an Arizona recording statute, and to assert
4 a consumer fraud claim. Doc. 1. Plaintiffs have filed a motion to enforce a provision of the
5 state court judgment and to strike other provisions. Doc. 3. For reasons stated below, this
6 action will be dismissed without prejudice and the motion denied.

7  The Court finds the complaint to be deficient in several respects. First, the
8 jurisdictional statement is conclusory, providing only generally that "this Court has
9 jurisdiction over the parties and the subject matter of this action." Doc. 1 ¶ 1. Federal courts
10 are courts of limited jurisdiction. "They possess only that power authorized by Constitution
11 and statute," *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377
12 (1994), and "the presumption is that [they are] without jurisdiction unless the contrary
13 affirmatively appears[,]" *Fifty Associates. v. Prudential Insurance Co. of America*, 446 F.2d
14 1187, 1190 (9th Cir. 1970). Pursuant to federal statutes, this Court has subject matter
15 jurisdiction over a case where there is federal question jurisdiction, 28 U.S.C. §§ 1331, or
16 where diversity jurisdiction exists, 28 U.S.C. § 1332. The complaint asserts no federal claim,
17 nor does it allege that complete diversity of citizenship exists among the parties.

18  The complaint does not set forth separate and discrete claims for relief, listing instead
19 the various "wrongful acts" committed by Defendants. Doc. 1 ¶¶ 39-66. Plaintiffs seek
20 relief under Rule 60(b) of the Federal Rules of Civil procedure, but that "is not the
21 appropriate mechanism for challenging the validity of a state court's judgment." *Kevilly v.*
22 *New York*, No. 02Civ.5796(DRH)(MLO), 2006 WL 522427, at *1 (E.D.N.Y. Mar. 2, 2006).
23 Rule 60(b) "applies only to federal court judgments and not to state court proceedings[.]"
24 *McHenry v. Colgate-Palmolive Co.*, No. 08-CV-2622-KHV, at *6 (D. Kan. Oct. 19, 2009);
25 *see Lawrence v. Rudek*, No. CIV-10-462-M, 2010 WL 2899808, at *1 (W.D. Okla. June 30,
26 2010). Because a federal district court is without power to register and enforce state court
27 judgments, *see* 28 U.S.C. § 1963, "it has no basis for vacating them under Rule 60(b)." *Friis*
28 *v. City of San Jose*, No. Misc-08-80027 RMW, 2009 WL 1690439, at *1 (N.D. Cal. June 16,

2009); *see Polo Realty Inc. v. Kruse, Inc.*, No. 1:10-CV-144-TLS, 2010 WL 3087417, at *3 (N.D. Ind. Aug. 2, 2010) (noting that "[n]umerous courts have held that § 1963 does not grant federal courts jurisdiction to register state court judgments") (citations omitted); *Dearborn St. Bldg. Assocs. LLC v. D & T Land Holdings, LLC*, No. 1:07-cv-1056, 2008 WL 2397660, at * (W.D. Mich. June 9, 2008) (citing cases for the proposition that "§ 1963 does not provide for the registration of a state court judgment for execution in a federal district court").

The Court will dismiss the complaint for lack of subject matter jurisdiction. *See Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking"). Under Rule 15 of the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). This Circuit has held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and citations omitted). In the interest of justice, the Court will grant Plaintiffs leave to file an amended complaint. Plaintiffs shall have until **November 12, 2010** to file an amended complaint consistent with this order.

For purposes of the amended complaint, Plaintiffs are directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for judgment for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order, and each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim for relief must be set forth in separate numbered counts (i.e., count one, count two, etc.).

Plaintiffs are free to add defendants in the amended complaint. Plaintiffs are advised, however, that the amended complaint must give *each defendant* "fair notice of what the . . .

claim[s] [are] and the grounds upon which [they] rest." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This includes some factual basis for each claim and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery"); *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010) ("'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim'") (citation omitted).

Plaintiffs are further advised that judges and clerks of court are immune from suit for mistaken or even wrongful acts where those acts are taken in connection with the judicial process. Plaintiffs' claims against the Maricopa County Clerk of Court's Office and its employees are barred as a matter of law. *See Mink v. Arizona*, No. CV09-2582 PHX DGC, 2010 WL 2690633, at *2 (D. Ariz. July 6, 2010) (dismissing claims against clerk of court where they were based on the performance of her duties as clerk). The complaint's caption lists as defendants "Judges 1-4" (Doc. 1 at 1), and the complaint itself contains allegations of wrongful conduct on the part of Judges Burke, Gama, Hicks, and Budoff (*id.* ¶¶ 8-38, 58-63). Any claim against those Judges based on rulings they made or other acts taken in their role as judicial officers is barred by the doctrine of absolute judicial immunity. *See Spain v. Eagleburger Group*, No. CV-08-1089-PHX-DGC, 2009 WL 307280, at *3 (D. Ariz. Feb. 9, 2009) (dismissing claims against judges given the broad scope of judicial immunity).

Plaintiffs must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he

litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

If Plaintiffs fail to prosecute this action, or if they fail to comply with the rules or any Court order, the Court may dismiss the action *with prejudice* pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. The complaint (Doc. 1) is **dismissed** without prejudice.
2. Plaintiffs shall have until **November 12, 2010** to file an amended complaint consistent with this order.
3. The motion to enforce and strike provisions of the state court judgment (Doc. 3) is **denied**.
4. The Clerk is directed to enter judgment without further notice if Plaintiffs fail to meet the November 12, 2010 deadline for filing an amended complaint.

DATED this 25th day of October, 2010.

_____
David G. Campbell
United States District Judge