**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M. Theresa de Mol; and Robert G. Turrill II, | No. CV-10-1895-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Grand Canyon Title Agency Inc; Phoenix Settlement Services LLC; Empire West Title Agency; Biltmore Bank of Arizona; Lawyers Title of Arizona; and Coppercrest Leveraged Mortgage Fund LLC, | |
| Defendants. | |

M. Theresa de Mol owned real property in the Sedona area. She was sued in state court on a claim for specific performance. *See Auffret v. de Mol*, No. CV2009-052086 (Ariz. Super. Ct. Apr. 28, 2009). She then brought her own state court action to rescind an alleged predatory mortgage loan and to stave off foreclosure of the Sedona property. *See de Mol v. Coppercrest Funding LLC*, No. CV2009-017469 (Ariz. Super. Ct. June 1, 2009). A settlement conference with Judge Burke was held, and the parties to each suit entered into a binding and complete settlement agreement. *See de Mol*, No. CV2009-017469 (Ariz. Super. Ct. Aug. 14, 2009) (minute entry setting forth terms of settlement and dismissing cases); Doc. 1-1 at 42-71. A judgment enforcing that agreement was entered by Judge Hicks. *See de Mol*, No. CV2009-017469 (Ariz. Super. Ct. Sept. 15, 2009); Doc. 1-1 at 29-36.

1   Ms. de Mol and her associate, Robert Turrill, filed suit in this Court one year later.
2   The complaint sought relief from the state court judgment, to challenge the constitutionality
3   of the settlement agreement and an Arizona recording statute, and to assert a consumer fraud
4   claim. Doc. 1. The Court dismissed the complaint without prejudice for lack of subject
5   matter jurisdiction. Doc. 6. Plaintiffs subsequently filed an amended complaint. Doc. 15.
6   Motions to dismiss pursuant to Rule 12(b)(1) and (6) have been filed by Lawyers Title
7   of Arizona ("Lawyers Title"), Coppercrest Leveraged Mortgage Fund LLC ("Coppercrest"),
8   Phoenix Settlement Services LLC ("PSS") and Empire West Title Agency ("Empire West"),
9   and Biltmore Bank of Arizona ("Biltmore Bank"). Docs. 18, 21, 27, 28. Grand Canyon Title
10  Agency, Inc. ("Grand Canyon") has joined the motions filed by Lawyers Title and
11  Coppercrest. Doc. 25. The motions are fully briefed. No party has requested oral argument.
12  For reasons that follow, the motions will be granted.

**I.   Dismissal.**

As previously explained to Plaintiffs (Doc. 6), this federal Court is a court of limited jurisdiction, and "the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Pursuant to federal statutes, the Court has subject matter jurisdiction over cases that present federal questions, 28 U.S.C. §§ 1331, or diversity of citizenship among the parties, 28 U.S.C. § 1332.

The amended complaint asserts no federal claim. The complaint purports to assert diversity jurisdiction, alleging that "complete diversity of citizenship exists among the parties" and § 1332 therefore "gives this court jurisdiction to hear this consumer fraud case." Doc. 15 ¶ 1. But jurisdiction under § 1332 requires more than complete diversity. The complaint also must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332.

Defendants note, correctly, that the complaint asserts no specific cause of action and seeks no compensatory damages. Instead, it requests various forms of injunctive relief, including orders from the Court requiring Defendants to perform certain acts. Ms. de Mol

demands that a loan "be properly cancelled and that the Original endorsement pages that were unlawfully detached from her Notes be properly cancelled and returned to her." Doc. 15 ¶ 11.  She further "demands that she be fully released from any and all other loans, past, present and future."  *Id.* ¶ 12.  The complaint goes on to request orders compelling specific action in connection with loans and related documents on the part of Grand Canyon (*id.* ¶¶19-24), Lawyers Title (*id.* ¶¶ 39-46), Biltmore Bank (*id.* ¶¶ 52-57), PSS and Empire West (*id.* ¶¶ 65-71), and, finally, Coppercrest (*id.* ¶¶ 91-93).  The complaint seeks punitive damages against Defendants for "committing identity theft" (*id.* ¶ 95) and for "vandalizing Ms. de Mol's loan documents and creating and recording fraudulent releases (*id.* ¶ 94), but no amount of damages is specified.

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984).  The allegations of the amended complaint, even when construed liberally in Plaintiffs' favor, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), do not show that the matter in controversy exceeds the jurisdictional amount of $75,000.  The Court will dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1), (h)(3)

**II.    Leave to Amend.**

Plaintiffs seek leave to file a second amended complaint to add two new defendants (Yavapai Title Agency, Inc. and Pioneer Title Agency, Inc.), to clarify that the purported claims for conspiracy to commit identity theft and fraud exceed $75,000 in damages, and to reassert their original constitutional claims against Judge Burke for refusing to grant Ms. de Mol a temporary restraining order.  Doc. 53.  Defendants oppose leave to amend.  Docs. 54, 55, 57.

The Court recognizes its obligation to freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements," *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

1  To this end, the Court granted Plaintiffs leave to amend the original complaint and provided
2  advice on the pleading requirements of Rule 8. Doc. 6. Plaintiffs have now had two
3  opportunities to provide a sufficient jurisdictional statement and to state valid claims to relief
4  against each Defendant. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544
5  (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Although they are proceeding pro se,
6  Plaintiffs "must follow the same rules of procedure that govern other litigants." *King v.*
7  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

8  Having considered the motion to amend (Doc. 53) and the allegations in the proposed
9  second amended complaint (Doc. 53-1), the Court concludes that leave to amend would be
10 futile. The proposed second complaint does not satisfy the pleading requirements of Rule 8,
11 as interpreted by *Twombly* and *Iqbal*. Plaintiffs claim that all "Defendants named in this case
12 are enterprises who committed numerous felony acts of fraud against Ms. de Mol in
13 furtherance of a multi-state Note scheme." Doc. 20 at 7. But the complaint's allegations of
14 fraud and conspiracy are not plausible. Plaintiffs see fraud where it does not exist. For
15 example, they claim that Defendants and their counsel have committed fraud upon the Court
16 by, among other things, misidentifying parties, shortening names and using acronyms to
17 identify parties in briefs, making innocent mistakes as to loan dates, not including the
18 undersigned's name in the case number and transposing numbers, and joining motions filed
19 by co-defendants. *See, e.g.*, Docs. 38, 41 50. Plaintiffs go so far as to accuse court
20 employees of deliberately falsifying this District's docket in order to protect a state court
21 clerk and to "maliciously inflict" further damage on Ms. de Mol. Doc. 8. Those serious, but
22 false, accusations are based on nothing more than immaterial descriptions of the case in
23 docket headings and the fact that Plaintiffs had sued the Maricopa County Clerk of Court
24 Office and the docket erroneously lists Maricopa County Superior Court as a defendant. *See*
25 Docs. 8, 23, 36, 37.

26 The Court finds that the proposed second amended complaint is deficient, as were the
27 original and the first amended complaints. In addition to their extensive litigation activities
28 in state court, Plaintiffs have had two opportunities to plead a viable claim in this Court, and

their proposed third attempt is equally deficient. Leave to amend therefore will be denied and the case dismissed with prejudice. *See McHenry v. Renne*, 84 F.3d 1172, 1174, 1179-80 (9th Cir. 1996) (affirming dismissal of amended complaint where it failed to satisfy Rule 8's pleading requirements); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 ("futility of amendment alone can justify denial of a motion [to amend]").

**IT IS ORDERED:**

1. The motions to dismiss (Docs. 18, 21, 27, 28) are **granted**.
2. The amended complaint (Doc. 15) is **dismissed** for lack of subject matter jurisdiction.
3. The alternative motion for more definite statement (Doc. 46) is **denied** as moot.
4. Plaintiffs' motion to amend (Doc. 53) is **denied**.
5. Plaintiffs' motions to strike (Docs. 33, 42) are **denied**.
6. The Clerk is directed to enter judgment **dismissing** this action with prejudice.

DATED this 27th day of January, 2011.

*Daniel G. Campbell*

David G. Campbell
United States District Judge