WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M. Theresa de Mol; and Robert Turrill II,<br><br>Plaintiffs,<br><br>vs.<br><br>Grand Canyon Title Agency, et al.,<br><br>Defendants. | No. CV-10-1895-PHX-DGC<br><br>**ORDER** |

On January 27, 2011, the Court issued an order dismissing this case with prejudice and judgment was entered accordingly. Docs. 58, 59. Plaintiffs have filed several post-judgment motions. Docs. 60, 61, 68, 74. Each motion will be denied.

The motion for reconsideration of the dismissal order will be denied because Plaintiff's have not met the high standard to obtain reconsideration. Motions for reconsideration are disfavored and should be granted only in rare circumstances. Such a motion is routinely denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).

The new information provided in the motion for reconsideration is not material to the decision to dismiss this action. Nor, contrary to Plaintiffs' assertion, has the Court misapprehended material information previously provided by Plaintiffs. The Court has

reviewed the reply briefs filed after the entry of the dismissal order (Docs. 62, 63, 64), but nothing in those documents affects the decision to dismiss this case with prejudice.

As explained in the order of dismissal (Doc. 58), Plaintiffs see fraud where it does not exist. The instant motion is a perfect example. Plaintiffs claim that the dismissal order itself is rife with "false and misleading statements" and "material omissions of fact." Doc. 60 at 6. One example of non-existent fraud is Plaintiffs' allegation that the Court has taken part in a "cover up" as to the true identities of Defendants by having omitted "et al" from a case name used by way of background in the order of dismissal. *Id.* at 8. Plaintiffs continue to believe Defendants and their counsel have committed fraud by, among other things, misidentifying parties, shortening names, and using acronyms to identify parties in briefs. *Id.* While Plaintiffs are entitled to hold such beliefs, they are not sufficient to state a viable claim to relief or otherwise obtain reconsideration of the dismissal order. The motion for reconsideration will be denied.

The motion to vacate the Clerk's judgment (Doc. 68) likewise will be denied. There is nothing false or misleading about the judgment. Doc. 59. This action properly was dismissed with prejudice. As previously explained (Doc. 58), in addition to their extensive litigation activities in state court, Plaintiffs have had multiple opportunities to plead a viable claim in this Court. The complete failure to do so required a final judgment in favor of Defendants.

The motion for a new trial or to alter or amend the judgment under Rule 59 (Doc. 74) contains the same types of accusations and arguments set forth in the other post-judgment motions (Docs. 60, 68). The Rule 59 motion will be denied.

Plaintiffs seek sanctions against Defendants and their counsel for, among other things, not serving Plaintiffs with "exact" copies of the documents electronically filed with the Court. Doc. 61. The discrepancies include slightly different margin sizes and the absence of filing header stamps on the copies mailed to Plaintiffs. *Id.* at 3. Plaintiffs also cry foul over a defense attorney's alleged failure to mail them copies of a notice of

joinder (Doc. 25) and a corporate disclosure statement (Doc. 31), but Plaintiffs identify no resulting prejudice. The motion for sanctions will be denied as wholly without merit. The request for reimbursement of process server costs (Doc. 61 at 2) will be denied as Plaintiffs have not established full compliance with Rule 4(d)(1).

**IT IS ORDERED:**

1. Plaintiffs' motion for reconsideration (Doc. 60), motion for sanctions (Doc. 61), motion to vacate judgment (Doc. 68), and motion for new trial or to alter or amend judgment (Doc. 74) are **denied**.

2. Plaintiffs are advised that any further motions seeking post-judgment relief will be summarily denied.

Dated this 15th day of March, 2011.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge